E-FILED
Friday, 12 October, 2018 02:52:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN BOWLES,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN STEPHANIE DORETHY, et al.,<br><br>Defendants. | 16-CV-4121 |

## OPINION

**MICHAEL M. MIHM, U.S. District Judge.**

On May 21, 2018, the Court denied summary judgment on Plaintiff's claims of deliberate indifference to Plaintiff's seizure disorder and a claim of excessive force, both claims arising from incidents in the Hill Correctional Center in 2015. In that order, the Court noted:

> The deliberate indifference claim survives summary judgment but is not ready for trial because Nurse Peggy has not been identified and served. "Doe" Defendants cannot be served, but Nurse Peggy is not exactly a Doe defendant. Plaintiff did provide Nurse Peggy's first name and also provided the fact that Nurse Peggy was working at Hill Correctional Center on August 5, 2015. Further, defense counsel seems to know Nurse Peggy's last name. (Pl.'s Dep. 57)(defense counsel telling Plaintiff that defense counsel did not represent Nurse Peggy because the Court

1

had not yet identified Nurse Peggy, and defense counsel asked Plaintiff if the name "Peggy Hendricks" sounded familiar to Plaintiff.).

Plaintiff arguably did not understand that he needed to do anything to identify or serve Nurse Peggy. For cases proceeding in forma pauperis, the Court is required to serve the Defendants under Federal Rule of Civil Procedure 4(a)(3) and also must assist pro se plaintiffs to identify Doe defendants. *See* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 556 (7th Cir. 1996)("To the extent the [pro se] plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.") Nurse Peggy's part in the story is short but central, with Defendants Millard and Range pointing at Nurse Peggy to justify their own actions.

This case will be stayed until Nurse Peggy is served. A status conference will then be held to discuss what additional discovery, if any, is needed, and to set final pretrial and trial dates. Significant additional discovery does not appear necessary. Either Nurse Peggy did or did not tell Defendant Range that nothing could be done until Plaintiff actually had a seizure. If Nurse Peggy did make that statement, a reasonable juror, even as a layperson, could find that such advice was blatantly inappropriate in the sense that Plaintiff should have at least been observed by someone until his auras passed. If Nurse Peggy denies the statement, that only raises another disputed fact for the jury to decide.

(5/21/18 Order.)

Nurse Peggy turned out to be Nurse Peggy Hendricks. She has been served and has filed a motion to dismiss based on statute of limitations grounds. She argues that Plaintiff must have brought his

claim against her by March 1, 2018. The Court's summary judgment order issued in May 2018.

Nurse Hendricks argues that relation back does not apply. Yet even if relation back does not apply, equitable tolling is warranted, an issue not addressed by Defendant Hendricks. Both the Court and defense counsel for the IDOC defendants arguably gave Plaintiff the impression that he had done everything necessary by identifying Nurse Peggy's first name in the complaint, along with her place of employment and the date of the incident. In Plaintiff's deposition, IDOC defense counsel told Plaintiff, "At this point in time a Nurse Peggy hasn't been identified by the Court so I'm not, I haven't been brought in to defend her." (Pl.'s Dep. 57.) That likely gave Plaintiff the idea that the Court would identify Nurse Peggy and serve her, which is an accurate impression since the Court does have a duty to help pro se plaintiffs to identify Doe defendants. *See* <u>Donald v. Cook County Sheriff's Dept.</u>, 95 F.3d 548, 555 (7th Cir. 1996)(reversing dismissal of pro se complaint where plaintiff could have likely identified individual defendants with help from the court.) Further, Plaintiff filed a motion for status of service on January 12, 2017 and was informed that all Defendants had been served and had filed

3

Answers. (1/13/17 text order.) Given Plaintiff's pro se, incarcerated status and the mixed signals he received, equitable tolling is warranted. *See, e.g.,* Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009)(equitable tolling warranted where court's reopening of case arguable lulled pro se plaintiff into believing she had done everything required). Plaintiff's claim against Defendant Hendricks will be decided on the merits.

**IT IS ORDERED:**

**(1) Defendant Hendricks' motion to dismiss is denied. (d/e 51.)**

**(2) Discovery regarding the claim against Defendant Hendricks closes December 31, 2018.**

**(3) A final pretrial conference is set for Tuesday, January 22, 2019, at 11:00 a.m. Defense counsel shall appear in person. Plaintiff shall appear by video.**

**(4) The jury selection and trial are set to begin Monday March 4, 2019, at 8:45 a.m.**

**(5) The clerk is directed to issue a video writ to secure Plaintiff's presence at the final pretrial conference.**

ENTER: 10/12/18

FOR THE COURT: **s/Michael M. Mihm**
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE