UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN BOWLES, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-4121 |
| WARDEN STEPHANIE DORETHY, CORRECTIONAL OFFICER RANGE, LIEUTENANT MILLARD, AND PEGGY HENDRICKS | ) |
| Defendants. | ) |

## OPINION

**MICHAEL M. MIHM, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Hill Correctional Center on claims of deliberate indifference to Plaintiff's seizure disorder and a claim of excessive force. Summary judgment was granted to Warden Dorethy and denied to Correctional Officers Millard and Range. The case was then stayed for service on Defendant Nurse Peggy Hendricks, and discovery was had on the claim against Nurse Hendricks. The final pretrial is set for July 23,

2019 at 1:00 p.m.  The jury selection and trial start September 16, 2019.

Plaintiff moves to compel Defendant Hendricks to respond to Plaintiff's following request to admit, which Plaintiff sent to defense counsel on or around October 18, 2018:

> Admit or deny:  You "Nurse Peggy Hendricks" said that there was nothing that the Healthcare Unit could do until the inmate was actually having a seizure, to let the Healthcare Unit know if the inmate started to have a seizure, as was stipulated by Correctional Officer Jamar Range via affidavit (P3) relating to phone call he had with you on August 5, 2015.  Affidavit copy attached.

(d/e 73.)

Nurse Hendricks did not respond to this request to admit, prompting Plaintiff to file his first motion to compel on January 10, 2018.  Nurse Hendricks' counsel then responded that he was initially unaware of the request due to an internal docketing error and that he learned of the pending request at Plaintiff's deposition (which was held on December 18, 2018).  Defense counsel sent Nurse Hendricks' late response to the request to admit on or about January 25, 2019.  The response states:

> After a reasonable inquiry and based on the information available, Defendant is unable to admit or deny.

(d/e 71-2.)

Plaintiff then filed a second motion to compel, asserting that Nurse Hendricks' response is actually no response at all, giving Plaintiff no information on Nurse Hendricks' position and preventing Plaintiff from preparing for trial.

The Court agrees with Plaintiff. Federal Rule of Civil Procedure 36(a)(4) provides that "the answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Even in response to Plaintiff's motion to compel, Nurse Hendricks does not explain what reasonable inquiry she made or what readily available information she consulted. *See* Flint v. City of Milwaukee, 2014 WL 5431153 (E.D. Wis. 2014)("If a party makes a reasonable inquiry and still 'cannot truthfully admit or deny the matter,' it must, in its response, 'set forth in detail the reasons why this is so.'")(quoted cite omitted); Loudermilk v. Best Pallet Co., LLC, 2009 WL 3272429 (N.D. Ill. 2009)(not published in

Fed.Rptr.)("Plaintiff's answer must include a detailed description of the reasonable inquiry undertaken by Plaintiff, and specific reasons why Plaintiff is still unable to admit or deny the requests after the reasonable inquiry."); Cada v. Costa Line, Inc., 95 F.R.D. 346, 348 (N.D. Ill. 1982)("Statements of inability to admit or deny are of course permitted by Rule 36, but they must be supported by specific reasons.").

Further, Nurse Hendricks' failure to respond to the request to admit within 30 days means that the she has admitted the matter. Fed. R. Civ. P. 36(a)(3)("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Her admission "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Defendant Hendricks has not filed a motion to withdraw the admission. Such a motion would have to demonstrate that allowing the withdrawal would not prejudice Plaintiff and would "promote the presentation of the merits of the action."

In short, Nurse Hendricks has not moved to withdraw her admission, nor has she demonstrated the sufficiency of her late

response to the request for admission. Accordingly, her admission is conclusively established, subject to a well-supported motion to withdraw the admission.

Defendant Hendricks' second and third motions to extend her dispositive motion deadline are denied on the grounds of futility and undue delay. The Court already observed that summary judgment for Defendant Hendricks would be unlikely whether or not Defendant Hendricks admitted or denied the statement:

> Either Nurse Peggy did or did not tell Defendant Range that nothing could be done until Plaintiff actually had a seizure. If Nurse Peggy did make that statement, a reasonable juror, even as a layperson, could find that such advice was blatantly inappropriate in the sense that Plaintiff should have at least been observed by someone until his auras passed. If Nurse Peggy denies the statement, that only raises another disputed fact for the jury to decide.

(5/21/18 Order.) The Court does not see how a dispositive motion can resolve this dispute. Even if Nurse Hendricks asserts that she does not recall the incident and would never have made such a statement, Defendant Range avers that Nurse Range did make that statement.

A disputed fact would still remain for the jury. As the Court already observed, "Nurse Peggy's part in the story is short but central, with Defendants Millard and Range pointing at Nurse Peggy to justify their own actions." (5/21/18 Order p. 11.)

Further, sufficient time has already been allowed for a dispositive motion to be filed. Discovery originally closed on this claim on December 31, 2018, and was then extended to March 1, 2019 with a dispositive motion due April 1, 2019. The dispositive motion deadline was then extended 30 days to May 1, providing 60 days past the discovery deadline to file a dispositive motion. Defendant Hendricks' second and third requests for extension would extend that deadline until June 18, another 48 days, for a total of more than 100 days after discovery closed and too close to the final pretrial conference.

**IT IS ORDERED:**

1) Plaintiff's motions to compel are denied as unnecessary. (d/e's 66, 72.) Defendant Hendricks' admission is conclusively established pursuant to Federal Rule of Civil Procedure 36(a)(3) and

36(b), subject to a well-supported motion to withdraw the admission filed by June 7, 2019, with an amended answer attached.

2) Defendant Hendricks' motions to extend her dispositive motion deadline are denied. (d/e's 77, 78.)

3) The IDOC website reflects that Plaintiff is scheduled for parole on July 18, 2019, a few days before the final pretrial conference on July 23, 2019. If Plaintiff is paroled before the final pretrial conference, then Plaintiff must appear at the final pretrial conference in person. If Plaintiff is unable to appear in person, then by July 15, 2019 he must file a motion to appear by phone and show good cause why he cannot appear in person. Plaintiff must immediately notify the Clerk of any change in address and phone number or this case will be dismissed, with prejudice.

ENTER: 5/30/2019

FOR THE COURT:

<u>s/Michael M. Mihm</u>
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE